## WILSON v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 85, September Term, 1957.]

624

*Decided March 6, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application by Barciel Wilson for leave to appeal from the denial of a writ of *habeas corpus* by Sodaro, J., of the Baltimore City Court.

The petitioner was convicted of manslaughter on March 7, 1957, in the Criminal Court of Baltimore (Mason, J.), and was sentenced to the Maryland House of Correction for a period of ten years accounting from June 3, 1956.

In his eleven page hand-printed petition, (which he characterized as a "little gem"), the petitioner alleges the following as reasons why he is illegally detained: (i) that he was arrested without a warrant; (ii) that he was held *incommunicado* for a period of five days without benefit of counsel and friends, and without being advised of his constitutional rights; (iii) that during the time he was held he (a) was subjected to constant interrogation by various teams of police officers, (b) isolated for long and short periods of time, (c) put to intense grilling at all hours of the night and day, (d) pressured by means of threats of bodily harm to confess murder, (e) was given little food and permitted little sleep, and (f), finally, after three days a confession of murder

was wrung from him, which was subsequently admitted in evidence against him; and (iv) that his initial hearing was purposely delayed to force the "involuntary" confession he gave.

As Judge Sodaro pointed out in his "memorandum of opinion" denying the writ, the petitioner was represented at the trial by counsel of his own choosing.

(i). The fact that the petitioner was *arrested without a warrant* cannot be raised on *habeas corpus* after conviction. *White v. Warden,* 211 Md. 623, 126 A. 2d 294 (1956).

(ii). The fact that the petitioner was *held incommunicado* cannot be raised on *habeas corpus* after conviction. *Roberts v. Warden,* 211 Md. 639, 126 A. 2d 857 (1956).

(iii, a-f). A question as to the *obtention of an alleged involuntary confession,* or its admissibility in evidence, cannot be raised on *habeas corpus. White v. Warden, supra.*

(iv). A question as to the *delay in granting a preliminary hearing* or arraignment cannot be raised on *habeas corpus* after conviction. *Szukiewicz v. Warden,* 213 Md. 636, 131 A. 2d 390 (1957).

Finally, the failure to advise the petitioner of his constitutional rights may not be raised on *habeas corpus. Snead v. Warden,* 215 Md. 595, 135 A. 2d 630 (1957).

*Application denied, with costs.*